Upon the final hearing, this cause presented no “ new or doubtful point” to be reported. But, at the appearance term, the defendant pleaded in abatement, u that the plaintiff did not on or before the commencement of this suit, file in the clerk’s office of the court of appeals, where said suit was instituted and is now depending, bond with sufficient security, who is a resident of this state, conditioned for payment of all costs,” &c.
Upon demurrer to this plea, it was argued, that, taken as true, it showed no cause for abating the suit; the plaintiff may have given bond with a surety who roas a resident of this state when the writ of error was sued out, but is not so now ; and the removal of the surety after giving bond, would be no cause of abatement. To which the defendant’s counsel replied, that the jilea pursued the language of the statute, and should be understood to mean that the plaintiff had given no security at all, for costs.
But per curiam — pleas of this description are not favored. With less strictness than is applicable to such pleas, this might be taken as true, and yet shew no cause for abating the suit. The demurrer must be sustained.
The defendant’s counsel then asked leave to amend, but it was not allowed.